PER CURIAM:
Writ granted. Relator was serving a 20-year sentence for an armed robbery committed with a firearm in Ascension Parish when he became eligible for supervised release after diminution of sentence pursuant to 1995 La. Acts 1099. At that time, he was transferred from Dixon Correction Center to the Orleans Justice Center based on an outstanding warrant for first degree murder in Orleans Parish. There, he was arrested for first degree murder, and he made his first appearance in Magistrate Court.
Prior to his transfer to the Orleans Justice Center, relator became aware of the detainer placed on him, and he filed a motion to quash in which he contended the state failed to timely prosecute him for first degree murder. Possibly confusing relator with another John Stewart with a different birthdate who had pleaded guilty to theft under docket number 412-793, the district court sent relator a letter, dated June 3, 2016, and signed by "Sec B", informing him that his motion to quash "was improper" because he had already pleaded guilty to theft. This letter, which was not signed by the district court judge, does not constitute a ruling on relator's motion to quash, cf. La.C.C.P. art. 1911(A) ("Except as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge."), and does not comport with La.C.Cr.P. arts. 3 and 17. Accordingly, we grant relator's application to remand to the district court judge to review and rule upon relator's motion to quash (which was incorrectly filed under docket number 412-793) in which he contends the state has not timely prosecuted him for first degree murder. The district court is directed to rule on relator's motion to quash within 30 days of this order and to provide this court with proof of compliance in the form of a written and signed ruling.
In addition, the court of appeal previously granted relator's writ application in *1291 part to transfer relator's challenge of the validity of the arrest warrant and his arrest for first degree murder to the Magistrate Court for consideration within 30 days of the court of appeal's ruling. State v. Stewart , 17-0190 (La. App. 4 Cir. 3/13/17) (unpub'd). Relator claims that he has been mistaken for the John Stewart who previously pleaded guilty to theft in docket number 412-793 (with a different date of birth and social security number) and who is, in fact, the person for whom the arrest warrant was issued. Because the Magistrate Court has not complied with the court of appeal's ruling, we also grant the application to order the Magistrate Court to conduct a contradictory hearing (in magistrate number 575153, section M2), at which relator is represented by counsel, on relator's claim he was wrongfully arrested. The Magistrate Court is directed to conduct this contradictory hearing within 14 days of this order and to furnish this court with proof of compliance in the form of a minute entry.
REMANDED